UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:21-CR-00005-GNS-HBB-1
CIVIL ACTION NO. 1:24-CV-00026-GNS

**WILLIAM RADLEY HORSLEY**                                                         **MOVANT/DEFENDANT**

**VS.**

**UNITED STATES OF AMERICA**                                                       **RESPONDENT/PLAINTIFF**

**MEMORANDUM OPINION
AND ORDER**

Movant/Defendant William Radley Horsley has filed a motion for leave to amend his motion to vacate under 28 U.S.C. § 2255 (DN 71). Respondent/Plaintiff has filed a response (DN 76). This matter is ripe for determination. For the reasons set forth below, Horsley's motion is **DENIED**.

I.      BACKGROUND

On February 24, 2020, the Grand Jury returned a three-count Indictment against Horsley (DN 5). Count 1 charged that on October 2, 2020, Horsley possessed with the intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A)(viii) (*Id.* at PageID # 9). Count 2 charged that on October 2, 2020, Horsley possessed three firearms despite knowing he was prohibited from doing so because of three prior felony convictions, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) (*Id.* at PageID # 10). Count 3 charged that on October 2, 2020, Horsley possessed the three firearms in furtherance of drug trafficking (*Id.* at PageID # 10-11).

On October 27, 2022, Horsley entered into a plea agreement with the United States (DN 30). Pursuant to the terms of the plea agreement, Horsley agreed to voluntarily enter a plea of guilty to Counts 1 and 2 in the Indictment based the following factual basis for the plea:

> On October 2, 2020 in the Western District of Kentucky, Logan County, Kentucky, the Defendant knowingly possessed 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. The Defendant intended on distributing this methamphetamine to another person.
>
> On that same date the Defendant also possessed the firearms named in the Indictment after he had been convicted of the felony offenses named in the Indictment. The Defendant knew he was not supposed to the possess the firearms due to his status as a convicted felon. The firearms named in the Indictment had traveled in interstate commerce.

(*Id.* at PageID # 56). Additionally, Horsley agreed that, except for claims of ineffective assistance of counsel or prosecutorial misconduct, he knowingly and voluntarily waived his right to collaterally attack, via motion under 28 U.S.C. § 2255, his conviction and the resulting sentence (*Id.* at PageID # 61). Pursuant to the terms of the plea agreement, the United States agreed: to move for dismissal of Count 3 in the Indictment; that the lowest sentence the Court may impose is 180-months imprisonment; that a three-level reduction for acceptance of responsibility; not to seek enhancement of the sentence pursuant to 21 U.S.C. § 851; and demand forfeiture of the three firearms seized (*Id.* at PageID # 59-60).

The plea agreement indicates that the parties anticipated a total offense level of 36 with an estimated criminal history category of VI which would result in a sentencing range of 324 months to 405 months (*Id.* at PageID # 60). By signing the plea agreement, Horsley attested that he read the plea agreement and carefully reviewed every part of it with his attorney and that Horsley fully

understood it and voluntarily agreed to it (*Id.* at PageID # 65).  By signing the plea agreement, Horsley's counsel, George Triplett, attested that he carefully reviewed every part of the plea agreement with Horsley and, to counsel's knowledge, Horsley's decision to enter into the plea agreement was informed and voluntary (*Id.*).

The Court conducted the change of plea hearing on October 27, 2022 (DN 29).  After Horsley was sworn in, the District Judge established through his colloquy with Horsley that Horsley was competent to enter the plea; Horsley understood his constitutional rights and voluntarily waived those rights; there was a factual basis for the plea; and the guilty plea was knowing, voluntary, and with the advice of counsel (Change of Plea Transcript, DN 54 PageID # 219-34).

The Court conducted the sentencing hearing on February 7, 2023 (DN 40 PageID # 169; Sentencing Hearing Transcript DN 55).  The Court imposed a sentence of 180 months as to Count 1, 120 months as to Count 2, to be served concurrently for a total term of 180 months imprisonment (DN 40 PageID # 171).  The Court also directed that this sentence shall run concurrent with the sentence of imprisonment that Horsley is anticipated to serve in the related Kentucky state court case before Logan Circuit Court (*Id.*).  Additionally, the Court imposed a total term of five years of supervised release to be served upon Horsley's release from imprisonment (*Id.* at PageID # 172). The Judgment was filed on February 8, 2023 (*Id.* at PageID # 169).  Horsley did not file a notice of appeal.

On February 5, 2024, Horsley, proceeding *pro se*, filed his motion to vacate under 28 U.S.C. § 2255 (DN 50) ("motion to vacate").  The motion to vacate raises the following claims:

Ground One alleges that defense counsel rendered ineffective assistance because counsel erroneously advised Horsley that he qualified as a career offender and should accept the government's plea offer; Ground Two asserts that defense counsel rendered ineffective assistance by failing to advise Horsley to file a motion to withdraw the guilty plea after the Presentence Investigation Report ("PSR") revealed that Horsley was not a career offender; and Ground Three contends that Horsley is actually innocent of Count 2 in the Indictment because he possessed the three firearms for self-defense purposes, and he is entitled to have his conviction and sentence vacated and Count 2 of the Indictment dismissed with prejudice (*Id.* at PageID # 203-04).

On February 8, 2024, Horsley, proceeding *pro se*, filed a supplemental motion to vacate (DN 53). It presents the same three grounds for relief as the motion to vacate, plus it provides an explanation why Horsley did not raise these claims on direct appeal (*Id.* at PageID # 212-14). Consequently, the supplemental motion to vacate (DN 53) supersedes the original motion to vacate (DN 50).

On March 14, 2024, the United States filed a response to Horsley's motion to vacate and supplemental motion to vacate (DN 59). Essentially, the United States explained why there was no merit to Horsley's three claims (*Id.* at PageID # 254-69).

On April 8, 2024, Horsley filed a motion that requested an extension of time to file a reply in support of his supplemental motion to vacate (DN 64). Horsley's motion also sought leave to amend his supplemental motion to vacate (*Id.*). In an Order filed on April 10, 2024, the undersigned granted Horsley's motion for an extension of time (DN 65 PageID # 324). The Order specified, "Horsley may file a reply **by no later than Monday, June 10, 2024**" (*Id.*). The Order

4

also stated, "Horsley's motion for leave to amend (DN 64) is **DENIED** with leave to refile provided Horsley attaches a copy of the proposed amendment" (DN 65 PageID # 325).

The June 10, 2024, deadline has passed, and Horsley did not file a reply. On June 13, 2024, Horsley filed a twenty-three-page memorandum entitled, "REQUEST FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF 28 U.S.C. 2255 CLAIMS" and another motion to vacate that sets forth three new claims for relief (DN 71; DN 71-1). Considering the directive set forth in the Order filed on April 10, 2024 (DN 65 PageID # 325), the undersigned construes Horsley's filing as a motion for leave to amend with an attached copy of the proposed amendment. The proposed amendment presents two new claims of ineffective assistance of counsel and a claim that Horsley's conviction under 18 U.S.C. § 922(g) violates his Second Amendment right to bear arms (DN 71-1 PageID # 376-79).[1]

The United States filed a response to Horsley's motion to amend (DN 76). Essentially, the United States argues the motion should be denied because: his two ineffective assistance of counsel claims are time barred; and, pursuant to the waiver provision in the plea agreement, he has waived his right to challenge the constitutionality of his conviction under 18 U.S.C. § 922(g)(1) (*Id.* at PageID # 394-97).

---

1 Horsley's memorandum includes a one sentence assertion that 18 U.S.C. § 3661 violates his Fifth, Sixth, and Fourteenth Amendment rights as well as his right to due process and equal protection (DN 71 PageID # 352). The United States construes this as a fourth claim for relief (DN 396). The undersigned disagrees because Horsley's memorandum and the proposed amendment emphatically indicate that Horsley is only raising three grounds for relief (DN 71 PageID # 349; DN 71-1 PageID # 376-81). Notwithstanding, the claim is time barred because the one-year period of limitation in 28 U.S.C. § 2255(f)(1) expired months before Horsley filed his motion for leave to amend, and the claim does not relate back under Fed. R. Civ. P. 15(c)(1)(B) because it does not arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original or supplemental motion to vacate.

II. CONCLUSIONS OF LAW

Rule 15 of the Federal Rules of Civil Procedure governs a motion for leave to amend a § 2255 motion. *See Oleson v. United States*, 27 F. App'x 566, 568 (6th Cir. 2001) (citing 28 U.S.C. § 2242 Para. 3) (explaining that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); *Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir. 1978) ("Amendment of a petition for habeas corpuses is governed by the 'rules of procedure applicable to civil actions.'") (quoting 28 U.S.C. § 2242). Rule 15(a)(2) clearly mandates that the Court should freely grant leave to amend when justice so requires. *See Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). In evaluating the interests of justice, the Court should consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment[.]" *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). A proposed amendment is considered futile if "the amendment would not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Any attempt to raise a new claim for relief in a Rule 15 motion to amend is subject to the one-year statute of limitations set forth in § 2255(f). *See Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Accordingly, a Rule 15 motion will be denied when it is filed after that period expires unless the proposed amendments relate back to the date of the original § 2255 motion. *See Id.* (citing *Oleson*, 27 F. App'x at 571). A proposed amendment will relate back to the date

of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "A proposed amendment that asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth does not satisfy this standard." *Ivory v. United States*, No. 3:18-CV-00537, 2023 WL 1973198, at *9 (M.D. Tenn. Feb. 13, 2023) (cleaned up). Furthermore, the proposed amendment is procedurally barred when the claim could have been but was not raised in the initial § 2255 motion. *See Wilson v. United States*, No. 95-1991, 1996 WL 290269, at *1 (6th Cir. 1996) (citing *McCleskey v. Zant*, 499 U.S. 467, 489-90 (1991)).

Specifically, the statute of limitations reads as follows:

> (f)  A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As Horsley did not appeal his conviction, the judgment became final upon the expiration of the period in which Horsley could have filed the notice of appeal. *Johnson v.*

7

*United States*, 457 F. App'x 462, 464-65 (6th Cir. 2012). The applicable procedural rule directs that Horsley must file the notice of appeal within 14 days after entry of judgment being appealed. *See* Fed. R. App. P. 4(b)(1)(A)(i). As the judgment was entered on Tuesday, February 8, 2023, Horsley had until Wednesday, February 22, 2023, to file a notice of appeal with the district court. This means that the judgment became final on Wednesday, February 22, 2023, and the one-year period of limitations expired on Thursday, February 22, 2024.

When Horsley filed the motion for leave to amend on June 13, 2024 (DN 71; DN 71-1), he did so 112 days after the period of limitations expired. Moreover, the two ineffective assistance of counsel claims—set forth in Grounds One and Two of the proposed amendment—allege that counsel made errors in connection with Horsley's sentencing (DN 71-1 PageID # 376-77). By contrast, the claims of ineffective assistance of counsel raised in Grounds One and Two in the supplemental motion to vacate allege that defense counsel made errors: in negotiating and recommending acceptance of the plea agreement; *and* in failing to advise Horsley to move to withdraw his guilty plea after the PSR revealed the error made in negotiating and recommending acceptance of the plea agreement (DN 53 PageID # 212-13). Consequently, the two proposed claims do not arise out of the conduct, transaction, or occurrences set out or attempted to be set out in the two original ineffective assistance of counsel claims raised in the supplemental motion to vacate. *See* Fed. R. Civ. P. 15(c)(1)(B). Thus, the two ineffective assistance of counsel claims—set forth in Grounds One and Two of the proposed amendment—are time barred.

Ground Three in the proposed amendment contends that Horsley's his conviction under 18 U.S.C. § 922(g) violates his Second Amendment right to bear arms and he would like to preserve

8

his claim, should the Supreme Court issue a ruling consistent with his position (DN 71-1 PageID # 379).  As mentioned above, pursuant to the waiver provision in the plea agreement, except for claims of ineffective assistance of counsel or prosecutorial misconduct, Horsley agreed to waive his right to collaterally attack, by a motion under 28 U.S.C. § 2255, his conviction and the resulting sentence (DN 30 PageID # 61).  Plea agreements in criminal cases are contractual in nature and are therefore interpreted and enforced in accordance with traditional contract law principles. *United States v. Lukse*, 286 F.3d 906, 909 (6th Cir. 2002).  A court must give effect to the intent of the parties as expressed by the plain language of the plea agreement.  *United States v. Beals*, 698 F. 3d 248, 256 (6th Cir. 2012).

It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, in a plea agreement.  *United States v. Toth*, 668 F.3d 374, 377-78 (6th Cir. 2012); *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001); *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995).  The enforceability of a waiver provision in a plea agreement depends upon the defendant knowingly and voluntarily waiving the right.  *See Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999).  Consequently, a § 2255 movant may challenge the validity of his waiver in the plea agreement by claiming that the waiver was involuntary or the product of ineffective assistance of counsel.  *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

The Sixth Circuit has held that "where developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature."  *United States v. Bradley*, 400

9

F.3d 459, 463 (6th Cir. 2005). For example, after the Supreme Court voided for vagueness the "residual clause" in the Armed Career Criminal Act's definition of "violent felony," *see Johnson v. United States*, 576 U.S. 591 (2015), the Sixth Circuit enforced the waiver provisions in the plea agreements of prisoners who stood to benefit. *See Strauss v. United States*, No. 17-1017, 2017 WL 6886067, at *1 (6th Cir. May 22, 2017); *United States v. Morrison*, 852 F.3d 488, 491 (6th Cir. 2017); *In re Garner*, 664 F. App'x 441, 443-44 (6th Cir. 2016).

Horsley has not contested the validity of his waiver in the plea agreement by claiming the waiver was involuntary or the product of ineffective assistance of counsel. *See In re Acosta*, 480 F.3d at 422. Moreover, the transcript of the change of plea hearing indicates that Horsley understood as part of his plea agreement, except for claims of ineffective assistance of counsel and prosecutorial misconduct, he was waiving his right to directly appeal and collaterally attack his conviction and the resulting sentence (DN 54 PageID # 227). Therefore, except for claims of ineffective assistance of counsel or prosecutorial misconduct, Horsley has knowingly and voluntarily waived his right to contest or collaterally attack his conviction and the resulting sentence under § 2255. Consequently, the waiver provision in the plea agreement bars Horsley from raising his claim, in his proposed amendment, that seeks to collaterally attack the constitutionality of his conviction under 18 U.S.C. § 922(g)(1).

III.   ORDER

**IT IS HEREBY ORDERED** that Horsley's motion for leave to amend his supplemental motion to vacate (DN 71) is **DENIED**.

July 19, 2024

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:   William Radley Horsley, *pro se*
          Counsel of Record

11